UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

ANTHONY W. McGUGAN,

Petitioner,

v.

PATRICIA A. KATZMAR, et al.,

Respondents.

CIVIL ACTION NO. 05-2667 (MLC)

**MEMORANDUM OPINION**

**ANTHONY W. McGUGAN** filed a petition, inter alia, to quash administrative summonses issued by the Internal Revenue Service ("IRS") to certain third parties seeking information about him. (Dkt. entry nos. 1 & 3.) The Court issued an order to show cause why the petition should not be dismissed for failure to state a claim on which relief can be granted and as frivolous. (Dkt. entry no. 5.) The IRS then moved to (1) dismiss the petition as untimely, and (2) summarily enforce the administrative summonses. (Dkt. entry no. 6.)

**THE PETITION**

McGugan filed — and the Court reviewed — 201 unnumbered pages in support of the petition (dkt. entry nos. 1 & 3), which he asserts is brought against those who seek to "illegally enforce the internal revenue laws of the federal United States" and "collect federal income taxes against [him]." (Pet., at 10, 14.)[1] He asserts that attempts to investigate whether he owes

[1] The Court will use the page numbers imposed by the office of the Clerk of the Court on the documents submitted by McGugan.

taxes are unconstitutional. (Id. at 13, 17-23, 26; Mem. in Supp., at 7-8; Aff. in Supp., at 11.)

McGugan asserts he (1) is "a non-citizen national of New Jersey," (2) is "domiciled within the New Jersey Republic," (3) does "not reside permanently anywhere on earth, and intend[s] to reside only in Heaven," and (4) has "studied the Constitution, the Internal Revenue Code, and the Treasury Regulations and has independently determined . . . that he has no legal duty to pay any internal revenue tax." (Pet., at 5, 18; Aff. in Supp., at 1, 7; see Pet., at 19 (stating only federal government employees subject to tax).)[2] He asserts further:

> Christians such as myself are precluded by God's law (the Bible) from depending on the interpretations of men of the law, including the Constitution and the Internal Revenue Code. This edict is especially true concerning the proclamations of the Pharisees (lawyers). The law must stand on its own two feet and not require a Pharisee to interpret, because doing so transforms our society of law into a society of men in

---

[2] McGugan states further:

> Since citizenship is a product of both domicile and intent, and since there is not now and never has been any intent to be anything other than a permanent citizen of Heaven, then any other citizenship status attributed to me would be incorrect. . . . My sincerely held religious convictions preclude me from being any other kind of citizen than of the place I intend to eventually and permanently reside, which is Heaven, and it would be unjust for the government to assume or assign any citizenship status other than that of being a national but not citizen of the United States.

(Aff. in Supp., at 7-8; see Am. Aff., at 7.)

> violation of the legislative intent of the Constitution.

(Pet., at 15.)

**CONSTITUTIONALITY OF INCOME TAX**

The "collection of income tax has long been deemed constitutional and arguments to the contrary will not succeed." Johnson v. N.J. Div. of Motor Vehs., No. 05-1416, 2005 WL 1176951, at *1 (3d Cir. May 19, 2005) (citing Sixteenth Amendment and Article I, Section 8, of the United States Constitution); see Stites v. United States Gov't, 746 F.2d 1085, 1085-86 (5th Cir. 1984) (stating same). Furthermore, "challenges [to] the constitutionality of the tax filing requirement" are "frivolous, and no extended discussion is necessary." Brunner v. Comm'r of Internal Revenue, No. 04-4230, 2005 WL 1703166, at *1 (3d Cir. July 21, 2005); see Crain v. Comm'r of Internal Revenue, 737 F.2d 1417, 1417-18 (5th Cir. 1984) (stating same, and that "[w]e perceive no need to refute these arguments with somber reasoning and copious citation of precedent; to do so might suggest that these arguments have some colorable merit").[3]

McGugan thus was advised of the Court's intention to dismiss the petition for failure to state a claim on which relief can be granted and as frivolous, unless he convinced the Court to do otherwise. (7-27-05 Order to Show Cause.)

---

[3] Crain was cited with approval in Sauers v. Commissioner of Internal Revenue, 771 F.2d 64, 67 (3d Cir. 1985), which concerned an action brought by a "tax protester".

**PLAINTIFF'S RESPONSE**

The plaintiff asserts that his petition is directed:

> toward 1) the failure of [an] IRS revenue agent . . . to provide evidence to this court of in personam jurisdiction as a matter of Law over [him]. It also identifies, 2) refusal on the part of the Defendant, to establish on the record, proof of Plaintiff's federal tax liability as a Christian Minister and Biblical Counselor, and the violations of: attempting to commit extortion and willful oppression under color of law.

(Pl. Resp. to Order to Show Cause, at 1.) He asserts further:

> The Lord's Ministry through **Anthony W. McGugan** is not a federally registered **501-(C)3** Ministry. It is truly, a FAITH Ministry. From August of 1998 to the present, the Petitioner and his family have been Supernaturally provided for by the Lord Jesus Christ through the unsolicited freewill love offerings of [others]. As a Christian Minister and Biblical Counselor, the Petitioner is not an employer, employee, transferee of federal property, or a donator (voluntary taxpayer) for the United States (the Corporation). The Petitioner . . . was not and is not being paid "wages" by any agency or employer of the United States, whose revenue is derived from the annual budget of the U.S. Treasury. Since August of 1998, The Petitioner was not and is not engaged in any government revenue taxable activities. The Petitioner . . . is a law abiding national of the [U]nited States of America, in general, and the New Jersey Republic in particular.

(Id. at 2 (emphases in original).) He also asserts that (1) "he is outside of the lawful canvassing districts of the IRS," (2) the IRS "appear[s] to lack lawful delegation of authority from the Secretary of the Treasury," and (3) there "is no statutory authority for the enforcement of third-party summonses issued by the Commissioner of Internal Revenue or any Revenue Agent acting in his stead." (Id. at 3.)

These arguments are without merit. They require neither further discussion nor further analysis. See Brunner, 2005 WL 1703166, at *1. The Court will issue an appropriate order and judgment dismissing the petition for failure to state a claim on which relief can be granted and as frivolous.

**MOTION BY IRS**

**I. Untimeliness**

The IRS argues that (1) it issued the administrative summonses on May 3, 2005, (2) the final date for McGugan to bring a petition was May 23, 2005, and (3) McGugan missed the deadline by filing on May 24, 2005. (IRS Br., at 3-4.) See 26 U.S.C. § 7609(b)(2)(A) (stating proceeding to quash to be brought "not later than the 20th day after the day such notice is given"). The Court will issue an appropriate order and judgment denying as moot the part of the motion seeking dismissal of the petition as untimely, as the Court will dismiss the petition on the grounds stated in the order to show cause.[4]

---

[4] The Court, if addressing this part of the motion, would order further briefing. The IRS has shown when notice was mailed, not when McGugan received it. A petition to quash may perhaps be timely if brought within twenty days of the taxpayer's receipt of notice. See Fragale v. United States, No. 04-1086, 2004 WL 1196587, at *1 (E.D. Pa. May 27, 2004); Saltzman v. United States, 577 F.Supp. 385, 387 (W.D. Pa. 1983). The Court has not found, and the IRS has not cited, a case from the Third Circuit Court of Appeals addressing whether the 20-day period begins to run upon mailing or receipt.

**II. Summary Enforcement Of Administrative Summonses**

The IRS — to compel compliance with an administrative summons — must show (1) an investigation is being conducted with a legitimate purpose, (2) the inquiry is relevant thereto, (3) the information sought is not already in its possession, and (4) it followed the necessary administrative steps. United States v. Rockwell Int'l, 897 F.2d 1255, 1262 (3d Cir. 1990) (summarizing holding in United States v. Powell, 379 U.S. 48 (1964); using term "Powell burden").

The IRS has met its Powell burden by filing the affidavit of an IRS agent stating she (1) is examining McGugan's tax liability for 2001 through 2003 because McGugan has not filed tax returns for those years, (2) each summons is relevant to the examination, (3) the information sought is not in the IRS's possession, and (4) the IRS properly issued the summonses. (Katzmar Decl., at 1-2.) See Steiniger v. U.S. Comm'r of Internal Revenue, No. 04-4044, 2005 WL 375653, at *3 (E.D. Pa. Feb. 16, 2005) (granting motion to enforce based on similar showing); Gaunt v. Internal Revenue Serv., No. 96-0022, 1996 WL 376341, at *1 (M.D. Pa. May 1, 1996) (granting same; stating agent's affidavit suffices for Powell burden). The IRS agent also states that the IRS (1) has not recommended to the United States Department of Justice ("USDOJ") that it investigate or prosecute McGugan concerning those tax years, (2) is not delaying such a recommendation, and

(3) has not received a request for disclosure from the USDOJ, and thus is not attempting to sidestep constitutional limits on collecting information during an active criminal prosecution. (Katzmar Decl., at 2-3.) See Steiniger, 2005 WL 375653, at *3.

McGugan, in response, presents "a convoluted interpretation of various sections of the Internal Revenue Code and the Code of Federal Regulations." Varner v. United States, No. 93-4940, 1994 WL 408198, at *3 (D.N.J. June 1, 1994) (denying motion to quash and granting motion to enforce summons). His arguments are without merit.[5] The Court will issue an appropriate order and judgment granting the part of the motion seeking summary enforcement of the administrative summonses.

s/ Mary L. Cooper
**MARY L. COOPER**
United States District Judge

[5] The following excerpt epitomizes the contents of his brief in opposition: "Respondents have made presentments against the Petitioner individually, an American National, one who is a secured party to the Constitutional protections of my God-given Rights, under Color of Office and Color of Law. There simply are **no Implementing Regulation published in the Federal Register that requires the Petitioner or the institutions who also received those fraudulent summonses, to abide by your Summons letters**." (McGugan Opp. Br., at 3.)